```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

WARREN MORELAND, ET AL.,

    Plaintiffs,
v.                                          Case No. 8:18-cv-200-T-33MAP

DENEGA, INC., ET AL.,

    Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. # 38), which was filed on May 14, 2018. The Court grants the Motion.

**I.**   **Background**

    Plaintiffs filed this Fair Labor Standards Act case on January 24, 2018. (Doc. # 1). Defendants filed an Answer and Affirmative Defenses on February 16, 2018. (Doc. # 13). On February 8, 2018, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 11).

    Plaintiffs filed Answers to the Court's Interrogatories (Doc. ## 22, 23, 29) and Defendants filed a verified summary of hours worked and wages paid. (Doc. # 28). On April 19, 2018, the mediator reported that the parties reached a settlement. (Doc. # 32). At the Court's direction, the parties have filed a Motion for Court approval of their

settlement. (Doc. # 38).

## II. **Analysis**

Plaintiffs allege that Defendants violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff Warren Moreland will receive $6,000.00 for unpaid wages and liquidated damages, Plaintiff Cynthia Edging will receive $7,763.89 for unpaid wages and liquidated damages, and Plaintiff Richard Murvin will receive $831.99 for unpaid wages and liquidated damages. It has also been agreed that Plaintiffs' counsel will receive $12,903.25 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiffs for alleged FLSA violations. Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate

2

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. # 38) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.